I agree that the probate court abused its discretion when it held that consent of the child's mother, Salesha Henderson, was not required to permit the child's adoption, per R.C. 3107.07(A). However, I would not go as far as my colleagues have gone in holding that the prior decree of the juvenile court relieved Ms. Henderson of her duty to support her child.
R.C. 3107.07(A) speaks of two duties of support. One is a particular duty imposed by judicial decree. The other is the broad, general duty imposed by statute. R.C. 3103.03. A judicial decree operates to enforce the statutory duty, reducing it to specific terms for performance. However, a judicial decree cannot relieve an obligor of the statutory duty of support. At most, a judicial decree can only relieve the obligor of any liability or loss resulting from a failure to perform the duty.
The "justifiable cause" exception in R.C. 3107.07(A) operates to relieve a parent from the exemptions for which that section provides to the parental consent requirement for adoptions in R.C. 3107.06, which is otherwise absolute. I agree that the trial court abused its discretion when it found that Ms. Henderson's failure to provide for her child's support was without justifiable cause, in view of the juvenile court's order as well as evidence that the paternal grandparents to whom custody had been granted spurned Ms. Henderson's offers of support. I would reverse and remand on that basis.
The source of this particular dispute is the juvenile court's order concerning child support. The parties no doubt agreed to it, each for their particular purposes. However, the order amounts to an abuse of discretion. R.C. 2151.23(F)(1); R.C. 3109.04. Further, Ms. Henderson should realize that the order, to the extent that it has caused her to avoid her support obligation, undermines her position in an adoption proceeding brought by the grandparents.
Regardless of the friction in her relationship with the grandparents, Ms. Henderson should seek a modification of the juvenile court order to provide a support requirement consistent with the income she now enjoys. Her support payments would be made to the Montgomery County Child Support Enforcement Agency, not to the grandparents directly. Absent some modification of the order and support payments, which can probably be arranged through the Agency, Ms. Henderson may find herself defending against another adoption petition in the future.